IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAND MARKETING GROUP, LLC *doing business as* THERMABLASTER,

    Plaintiff,

v.

INTERTEK TESTING SERVICES NA, INC. *doing business as* INTERTEK TESTING SERVICES, and CONTINENTAL APPLIANCES, INC., d/b/a/ PROCOM

    Defendants.

12cv1572

**ELECTRONICALLY FILED**

## Memorandum Order re: Motions in Limine

### I. Introduction

Currently pending before the Court are nine (9) Motions in Limine, two (2) filed by Plaintiff Brand Marketing Group, LLC ("Brand") and seven (7) filed by Defendant Intertek Testing Services, N.A., Inc. ("Intertek"). A jury trial is set to commence on September 3, 2013. Doc. No. 22. The Court will address the Motions in Limine *seriatim*.

### II. Discussion

Doc. No. 101- Intertek's Motion in Limine Regarding Lost Profits

Intertek argues that lost profits are not an appropriate measure of Brand's damages because Brand is a new business that does not have a history of profiting from the sale of Thermablasters. See generally doc. nos. 101 & 102. Brand argues that lost profits are an appropriate measure of damages because it has proffered evidence of previous profits, plans to offer expert testimony regarding lost profits, and comparable profits of competitors can be used to establish lost profits.

The Pennsylvania Superior Court has explained the roles of the Court and jury with respect to lost profits as follows:

> As with all determinations of damages, the question of whether and what amount of lost profits are recoverable is for the jury, and a reviewing court must accord great deference to the jury's determination. Although the plaintiff bears the burden of proving damages by a preponderance of the evidence, [the plaintiff] is required only to provide the jury with a reasonable amount of information so as to enable the jury fairly to estimate damages without engaging in speculation. Damages need not be proved with mathematical certainty.

*Miller v. Cont'l Cas. Co.*, 2007 WL 2938189, *8 (Pa. Super. Oct. 5, 2007) (alteration in original) (quoting *Bolus v. United Penn Bank,* 525 A.2d 1215, 1225-26 (Pa. Super. 1987)).

The types of evidence that can be used to prove lost profits include past profits in an established business, profits made by competitors, and expert opinion. *Mass. Bonding & Insur. Co. v. Johnston & Harder, Inc.*, 22 A.2d 709, 714 (Pa. 1941); *Miller*, 2007 WL 2938189 at *9. (citing *Bolus*, 525 A.2d at 1215). In *Miller*, the plaintiff presented only one type of evidence, expert testimony, in order to prove lost profits. *See id.* The trial court found that such evidence was not sufficient to prove lost profits and granted a motion for judgment n.o.v. *Id.* The Pennsylvania Superior Court reversed, holding that the expert testimony was sufficient under Pennsylvania law to prove lost profits and that it was improper for the trial court to substitute its judgment for that of the jury. *Id.*

In this case, Brand has proffered not only expert testimony, but also testimony regarding previous profits from the sale of Thermablasters and evidence of profits made by competitors selling similar products. The proffered evidence satisfies the standard set forth by the Pennsylvania Supreme Court in *Massachusetts Bonding* and as articulated by the Pennsylvania Superior Court in *Bolus* and *Miller*.

The cases relied upon by Intertek to support this conclusion are distinguishable. In *Birth Ctr. v. St. Paul Cos., Inc.*, 727 A.2d 1144 (Pa. Super. 1999), *overruled on other grounds by Mishoe v. Erie Ins. Co.*, 824 A.2d 1153 (Pa. 2003), the Pennsylvania Superior Court found that the evidence was sufficient to sustain an award of lost profits even though only one of the three types of evidence discussed in *Massachusetts Bonding* was presented. *Id*. at 1161.

In *Delahanty v. First Pa. Bank, N.A.*, 464 A.2d 1243 (Pa. Super. 1983), the Pennsylvania Superior Court held that the burden on a new and unproven business to prove lost profits is higher than that of an established company. *Id*. at 1260. However, the Superior Court also noted that lost profits could be awarded to a new business if there was significant interest in the business' products. *Id*. In this case, Brand has proffered evidence that Ace had entered into a purchasing agreement and other vendors were interested in selling the Thermablaster heaters.

In *Mountbatten Sur. Co. v. AFNY, Inc.*, 2000 WL 375259 (E.D. Pa. Apr. 11, 2000), the United States District Court for the Eastern District of Pennsylvania held that evidence of lost profits was admissible when it was based upon some prior profits and the testimony of the business principles. *Id*. at *11. The Court made this holding even though "the damages evidence [has] its problems." *Id*. at *11 & n. 62. As in *Mountbatten*, in this case there is evidence of profits prior to the alleged wrongdoing and the principal for Brand intends to testify as to lost business opportunities.

In *Brisbin v. Superior Valve Co.*, 398 F.3d 279 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that the Magistrate Judge needed to make more specific findings of fact prior to awarding lost profits. Id. at 290. The Court of Appeals merely restated the previously discussed Pennsylvania law regarding lost profits when discussing what a plaintiff must prove in order to recover lost profits. *See id*.

In sum, Intertek is attempting to re-litigate the issues raised during summary judgment in the context of a motion in limine. The evidence that Brand seeks to introduce is permitted by the Federal Rules of Evidence and is the type of evidence permitted to prove lost profits under Pennsylvania law. Thus, Intertek's Motion in Limine Regarding Lost Profits (doc. no. 101) will be DENIED.

<u>Doc. No. 103- Intertek's Motion in Limine Regarding Plaintiff's Expert Witness</u>

Intertek next challenges the admissibility of the expert report and testimony of Brand's damages expert, John McLaughlin. See generally doc. nos. 103 & 104. Brand counters that the testimony of Mr. McLaughlin comports with the applicable standard. See generally doc. no. 127. The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Intertek argues that Mr. McLaughlin's opinion is not based upon sufficient facts or data, and therefore does not meet the requirements of Rule 702(b). First, Intertek argues that certain assumptions made by Mr. McLaughlin are inaccurate. However, the facts that Intertek argues are inaccurate are not undisputed. Instead, they are disputed facts that the jury must determine. Thus, it is not appropriate for the Court to determine that Mr. McLauglin based his expert opinions on insufficient facts, as doing so would usurp the jury's fact-finding function.

With respect to Intetek's argument relating to the extrapolation done by Mr. McLaughlin, the Court finds that his methodology meets the requirements of Rule 702 and Pennsylvania law regarding lost profits. As discussed *supra*, Brand had contractual arrangements with Ace and interest from other vendors for its product. Thus, Mr. McLaughlin's assumption that sales would continue on their current path was not inappropriate or speculative. Furthermore, the internal data from Ace regarding competitors' sales is explicitly recognized as a factor in calculating lost profits and Mr. McLaughlin considered such evidence.

Intertek argues that Mr. McLaughlin did not properly calculate lost profits because he failed to properly calculate "actual profits," or "should-have-been profits." As to the argument that he improperly calculated "actual profits," this argument is the same as its argument relating to the assumption of continued sales for 14 years. Mr. McLaughlin had sufficient evidence to assume that sales would continue for that time period. As to the "should have been profits," Mr. McLaughlin sufficiently complied with the Generally Accepted Accounting Principles regarding the "should have been profits." Mr. McLaughlin sufficiently detailed his methods for calculating the lost profits in his expert report to meet the standard of Rule 702 and *Daubert*.

In sum, Mr. McLaughlin's proposed testimony meets the standard set forth in Fed. R. Evid. 702 and *Daubert*, and thus he will be permitted to testify at trial regarding Brand's alleged lost profits. However, his expert report will be excluded as it is not the best evidence available. Therefore, Intertek's Motion in Limine Regarding Plaintiff's Expert Witness (doc. no. 103) will be GRANTED in PART and DENIED in PART.

<u>Doc. No. 105- Intertek's Motion in Limine Regarding Advertising Statements</u>

Intertek argues that any statements that it, or an affiliate entity, made in the course of adverstising was "puffery" and not admissible evidence. See generally doc. nos. 105 & 106.

Brand argues that the statements on Intertek's website went beyond puffery and are thus admissible. See generally doc. no. 131.

"Puffery is distinguishable from misdescriptions or false representations of specific characteristics of a product. As such, it is not actionable." *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 945 (3d Cir. 1993) (citing *Stiffel Co. v. Westwood Lighting Grp.*, 658 F.Supp. 1103, 1115 (D. N.J.1987)). In *Castrol*, the United States Court of Appeals for the Third Circuit found that a statement is not puffery if "the claim is both specific and measurable by comparative research." *Id*. at 946. However, if the statement is "exaggeration or overstatement expressed in broad, vague and commendatory language," it is puffery that is not actionable. *Peerless Wall & Window Coverings, Inc. v. Synchronics, Inc.*, 85 F. Supp. 2d 519, 532 (W.D. Pa. 2000) (Smith, J.) (internal quotation marks and citation omitted).

Intertek relies on a myriad of cases in support of its argument that the advertising statements it made should be excluded as puffery, but none of those cases deal with advertising in which a company held itself out as an "expert" in a specific field.

Since *Castrol*, the United States Court of Appeals for the Third Circuit has addressed puffery on several occasions. In one case cited by Intertek, the Court of Appeals for the Third Circuit reversed the District Court's determination that statements regarding the legality of a practice, the operating margin of the company, the existence of patents, and the commitment of financing were puffery. *Angrisani v. Capital Access Network, Inc.*, 175 F. App'x 554, 556-57 (3d Cir. 2006). The Court of Appeals for the Third Circuit remanded the case to the District Court for a determination by a jury of whether the statements were misrepresentations. *Id*. at 557.

Fellow members of this Court have also addressed puffery, including Judge Smith's Opinion in *Peerless*, Judge Conti's Opinion in *Cnty. of Mercer v. UniLect Corp.*, 612 F. Supp. 2d 638 (W.D. Pa. 2009), and Judge Weber's Opinion in *Forbis v. Reilly*, 684 F. Supp. 1317, 1318 (W.D. Pa. 1988). In *UniLect*, Judge Conti's holding was narrow, that statements regarding the life of a voting machine would be a specific time period did not warrant that they would meet state standards for that same period of time. *UniLect*, 612 F. Supp. 2d at 650. In *Forbis*, Judge Weber held that a statement that a horse was "a good mare to start a breeding program with" was puffery. *Forbis*, 684 F. Supp. at 1320-21. None of these statements involved the use of the term "expert," as here.

The United States District Court for the Eastern District of Pennsylvania has also analyzed puffery claims. In *Sicherman v. Nationwide Life Ins. Co.*, 2012 WL 1122737 (E.D. Pa. Apr. 4, 2012), the Court found that Nationwide's "[we're] on your side" advertising slogan was puffery. *Id.* at *4. In *Gidley v. Allstate Ins. Co.*, 2009 WL 4893567 (E.D. Pa. Dec.17, 2009), the Court found that the slogan, "You're in good hands with Allstate," to be puffery. *Id.* at *4. In *Gunsalus v. Celotex Corp.*, 674 F. Supp. 1149, 1159 (E.D. Pa. 1987), the Court found that the statements that tobacco products "Guard Against Throat Scratch", and would reduce throat irritation were not actionable because they were puffery. *Id.* at 1159. In *Victaulic Co. v. Tieman*, 499 F.3d 227 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit merely stated the obvious, that company websites are often full of puffery and that taking judicial notice of statements made on those websites should be done with care. *Id.* at 236.

Pennsylvania state courts have also addressed puffery in advertising. In *Huddleston v. Infertility Ctr. of Am., Inc.*, 700 A.2d 453 (Pa. Super. 1997), the Pennsylvania Superior Court held that statements that a fertility center was the "premier" program in the country was puffery.

*Id*. at 461.  As evidenced by this discussion of all of the cases cited by Intertek, it has not been able to cite a case in which a single court found that a statement that a company or person was an "expert" was properly excluded as puffery.

On the other hand, as the United States District Court for the Ohio has found statements about expertise may in some circumstances go beyond puffery.  *Kinda Wood USA v. MGV Enters. LLC*, 2009 WL 649793, *3 (S.D. Ohio Mar. 10, 2009).  The Court finds most instructive a decision from the Ohio Court of Appeals.  *Word of God Church v. Stanley*, 2011 WL 1641714, *1 (Ohio Ct.App. Apr.29, 2011).  In that case Stanley represented he had experience building large commercial buildings. *Id*. at *8.  However, Stanley in fact "had little experience performing the scope of work [the Church's] project required." *Id*.  Thus, the Court rejected the argument the statements should have been rejected as puffery. *Id*. at *7,

The United States District Court for the Eastern District of Pennsylvania has found that a statement that an insurance company had "underwriting and actuarial expertise" was more than mere puffery and was actionable.  *In re PMA Capital Corp. Sec. Litig.*, 2005 WL 1806503, *16 (E.D. Pa. July 27, 2005).  Likewise, the United States Court of Appeals for the Ninth Circuit held that statements that may appear to be puffery can in fact be actionable when made by an individual who holds himself out to be an expert.  *Harman v. Harper*, 914 F.2d 262, 1990 WL 121073, *10 (9th Cir. 1990) (table).

The statements that Brand intends to introduce are similar to those in *Kinda Wood* and *PMA*.  The use of the term "expert" by Intertek has a specific meaning.[1]  It was not a vague

---

[1] Holding oneself as an expert is different than stating that something has been crafted with "expert" workmanship.  Expert workmanship is a vague statement while being an expert in a field has a specific meaning.  Cf. *Lateef v. Pharmavite LLC*, 2013 WL 1499029, *3 (N.D. Ill. Apr. 10, 2013) (citing *Avery v. State Farm Mut. Auto. Ins. Co.,* 835 N.E.2d 801, 846–47 (Ill. 2005)).

8

advertising statement like those discussed in all of the cases cited by Intertek. Thus, the statements by Intertek are not excludable as a matter of law, and it is for the jury to decide whether they were misrepresentations. *Cf. AngrisaniI,* 175 F. App'x at 557.

In a final effort to exclude these statements, Intertek argues that they are unduly prejudicial under Federal Rule of Evidence 403. The Court finds that argument without merit. There is nothing unduly prejudicial about admitting into evidence statements that a party opponent made on its website regarding its expertise in a certain field, and the probative value of this evidence outweighs any prejudice resulting therefrom.

Accordingly, Intertek's Motion in Limine Regarding Advertising Statements (doc. no. 105) will be DENIED.

<u>Doc. No. 107- Intertek's Motion in Limine Regarding Reecon Statements</u>

Intertek next argues that statements made by Reecon should be excluded as hearsay, and in some cases double hearsay. See generally doc. nos. 107 & 108. Brand consents to a portion of the Motion, but argues that the safety tests should be admitted into evidence as they are not hearsay because they are not being offered for the truth of the matter asserted. See generally doc. no. 129. Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

Although the United States Court of Appeals for the Third Circuit has not discussed the issue, other Courts of Appeals have held that a statement offered to prove its falsity is not hearsay, as has the United States District Court for the Eastern District of Pennsylvania. *United States v. Thompson*, 501 F. App'x 347, 363 (6th Cir. 2012) (citing *United States v. Hathaway*, 198 F.2d 902, 905 (6th Cir. 1986)); *United States v. Anyanwu*, 449 F. App'x 639, 641 (9th Cir.

2011); *United States v. Brown*, 560 F.3d 754, 765 (8th Cir. 2009) (citing *Hathaway*, 198 F.2d at 905)); *United States v. Vidacak*, 553 F.3d 344, 353 (4th Cir. 2009); *United States v. Ramey*, 2008 WL 4582089, *8 (5th Cir. Oct. 15, 2008) (citing *United States v. Adkins*, 741 F.2d 744, 746 (5th Cir. 1984)); *United States v. Payne*, 148 F. App'x 804, 807 (11th Cir. 2005) (citing *United States v. Postal,* 589 F.2d 862, 888 (5th Cir. 1979)); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 13 (1st Cir. 2000) (citing *Adkins*, 741 F.2d at 746); *United States v. Pedroza*, 750 F.2d 187, 203 (2d Cir. 1984); *Hussey v. Chase Manhattan Bank*, 2005 WL 1787571, *6 (E.D. Pa. July 27, 2005) (citing *Adkins*, 741 F.2d at 746)).

In this case, the safety reports are being offered for their patent falsity and are not hearsay. Because the Court finds the safety reports are not hearsay, it will not address Brand's other arguments for their admission. As Brand has agreed, it may not offer into evidence statements made to Brand or to Mr. David O. Brand by Reecon. Accordingly, Intertek's Motion in Limine Regarding Reecon Statements (doc. no. 107) will be GRANTED in PART and DENIED in PART.

<u>Doc. No. 109- Intertek's Motion in Limine Regarding Draft Public Safety Alert</u>

Intertek argues that evidence regarding the Draft Public Safety Alert should be excluded pursuant to Federal Rules of Evidence 403 & 602. See generally doc. nos. 109 & 110. Brand argues that the evidence is not unduly prejudicial and that exclusion under Rule 403 is a drastic remedy not appropriate in this situation. See generally doc. no. 128.

As to Intertek's argument under Rule 602, it is without merit. Although Brand's witnesses might not have first-hand knowledge about the public safety alert that does not mean that they cannot testify as to the impact of such an alert if it were published.

As to the Rule 403 challenge, "[u]nfair prejudice does not simply mean damage to the opponent's cause. If it did, most relevant evidence would be deemed unfairly prejudicial." *United States v. Christie*, 624 F.3d 558, 570 (3d Cir. 2010) (internal quotation marks, alteration, and citation omitted). Intertek's Rule 403 argument rests on the assumption that it is an undisputed fact that the public safety alert was not published. However, as discussed above, this is a disputed issue of material fact which a jury should determine after considering all relevant evidence. It is not for this Court to determine on a Motion in Limine. Thus, the evidence is probative as to whether the statements were ever published, and, if so, any damage resulting therefrom. Thus, admission of the evidence is not unduly prejudicial.

In sum, the evidence regarding the public safety alert is probative, not unduly prejudicial, and the proposed witnesses have sufficient knowledge under Rule 602 to testify. Accordingly, Intertek's Motion in Limine Regarding Draft Public Safety Alert (doc. no. 109) will be DENIED.

### Doc. No. 111- Intertek's Motion in Limine Regarding Alleged Prior Authorizations to Mark

Intertek argues that testimony regarding any alleged authorization to mark issued prior to February 29, 2012, is inadmissible under Federal Rule of Evidence 602. See generally doc. nos. 111 & 112 . Brand does not oppose this Motion. Doc. No. 125. Therefore, Intertek's Motion in Limine Regarding Alleged Prior Authorizations to Mark (doc. no. 111) will be GRANTED.

### Doc. No. 113- Intertek's Motion in Limine Regarding Product Compliance

Intertek argues that evidence that the Thermablaster was ANSI compliant should be excluded under Federal Rule of Evidence 701. See generally doc. nos. 113 & 114. Brand does not object to this Motion in Limine; however, reserves the right to raise the issue if Intertek "opens the door" with Mr. David O. Brand. See generally doc. no. 130. Therefore, Intertek's Motion in Limine Regarding Product Compliance (doc. no. 113) will be GRANTED. If Intertek

"opens the door" with Mr. David O. Brand, Brand may move the Court for modifications of this Order.

Doc. No. 115- Brand's Motion in Limine as to Hearsay Documents

Brand argues that statements made in emails from Reecon should be excluded as hearsay. See generally doc. no. 115. Intertek agrees that such statements should be excluded. See generally doc. no. 121. Accordingly, Brand's Motion in Limine as to Hearsay Documents (doc. no. 115) will be GRANTED.

Doc. No. 116- Brand's Motion in Limine to Preclude Use of Settlement Agreement

Brand argues that a "confidential" settlement agreement that it entered into with ProCom, a former Defendant in this litigation, should be excluded from evidence at trial, pursuant to Federal Rule of Evidence 408. See generally doc. no. 116. Intertek argues that because Brand did not object to producing the settlement agreement to Intertek via Court Order and did not object to its discussion in summary judgment proceedings, that Brand is somehow judicially estopped from precluding its admission at trial. See generally doc. no. 120. Simply put, that argument is untenable. Merely because Brand agreed to allow Intertek to view the "confidential" document in the course of discovery (with a Court Order) does not even remotely come close to an admission or acknowledgment that the document is appropriate evidence at trial.

As to the merits of Plaintiff's argument, the exclusion of settlement agreements during trial is governed by Federal Rule of Evidence 408, which provides in relevant part:

> Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> **(1)** furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
> **(2)** conduct or a statement made during compromise negotiations about the claim
> . . . .

Fed. R. Evid. 408. "The facts of each case bear upon the trial court's exercise of discretion to apply the exclusion." *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 528 (3d Cir. 1995) (citing *Alpex Computer Corp. v. Nintendo Co.*, 770 F.Supp. 161 (S.D.N.Y.1991)). The United States Court of Appeals for the Third Circuit has also cited with approval *Bradbury v. Phillips Petroleum Co.,* 815 F.2d 1356, 1364 (10th Cir. 1987), in which the United States Court of Appeals for the Tenth Circuit held that the best practice is to exclude evidence under Rule 408 when in doubt. *See Affiliated Mfrs.*, 56 F.3d at 528.

The Court finds persuasive the case of *Young v. Verson Allsteel Press Co.*, 539 F. Supp. 193 (E.D. Pa. 1982). Exactly as in the case at bar, in *Young* the defendant attempted to offer into evidence a settlement agreement that had been entered into by the plaintiff and a former defendant in the litigation. *Id*. at 194. The United States District Court for the Eastern District of Pennsylvania barred admission of the settlement agreement on the basis of Rule 408 and public policy. *See id*. at 194-95.

This Court agrees with the reasoning set forth in *Young*. Taking Intertek at its word, that it intends to offer the settlement only to show that Brand conceded patent infringement, "it is still not possible to see how this is not precisely the forbidden fruit excluded by operation of Rule 408." *Id*. at 195. Intertek has not argued, nor can the Court possibly surmise that the introduction of this evidence falls within the short list of reasons that a settlement agreement may be offered into evidence as set forth in the advisory comments to Rule 408.[2] Instead, Intertek would presumably use this "fact" gleaned from the settlement agreement entered into by Brand

---

[2] Examples given in the advisory committee notes to Rule 408 include evidence of settlement offer by insurer to prove insurer's bad faith, evidence of settlement to prove a party's intent with respect to the scope of a release, and evidence of a settlement to prove a breach of the agreement.

13

and ProCom to show that the damages claimed by Brand are overstated. This is exactly what is prohibited by the text of Rule 408.

The cases cited by Intertek all are based on the same premise, that evidence is not excluded under Rule 408, "[t]o the extent that the evidence is offered for another purpose." *Vulcan Hart Corp. (St. Louis Div.) v. NLRB*, 718 F.2d 269, 277 (8th Cir. 1983). In the instant case, the Court finds that the evidence is being offered for precisely the type of purpose that is prohibited by Rule 408.

Intertek also relies upon *Herman v. City of Allentown*, 985 F. Supp. 569 (E.D. Pa. 1997), in support of admission of the settlement agreement. However, *Herman* is precisely the type of situation that the advisory committee notes contemplate admission of a settlement agreement being permitted. In *Herman*, the United States District Court for the Eastern District of Pennsylvania admitted a settlement agreement in which the city agreed to rehire a fire firefighter who had been terminated for drug abuse. *Id*. at 577-79. The city then imposed the condition that he participate in a $7,000 drug treatment program, that the city knew he could not afford, in order to be rehired. *Id*. at 575. Thus, the evidence was being admitted to show the breach of the settlement agreement. Thus, *Herman* is easily distinguishable from the case at bar.

In sum, the Court finds that admission of the settlement agreement is barred by Rule 408 and public policy. Therefore, Brand's Motion in Limine to Preclude Use of Settlement Agreement (doc. no. 116) will be GRANTED.

**III. Order**

AND NOW, this 23rd day of July, 2013, IT IS HEREBY ORDERED THAT:

1. Intertek's Motion in Limine Regarding Lost Profits (doc. no. 101) is DENIED.

2. Intertek's Motion in Limine Regarding Plaintiff's Expert Witness (doc. no. 103) is

GRANTED in PART and DENIED in PART. Mr. McLaughlin may offer his expert opinions at trial; however, his expert report may not be admitted into evidence.

3. Intertek's Motion in Limine Regarding Advertising Statements (doc. no. 105) is DENIED.

4. Intertek's Motion in Limine Regarding Reecon Statements (doc. no. 107) is GRANTED in PART and DENIED in PART. Brand may not offer into evidence statements made to it or Mr. David O. Brand by Reecon. However, the safety reports may be offered into evidence as they are not hearsay.

5. Intertek's Motion in Limine Regarding Draft Public Safety Alert (doc. no. 109) is DENIED.

6. Intertek's Motion in Limine Regarding Alleged Prior Authorizations to Mark (doc. no. 111) is GRANTED. Brand may not offer any testimony suggesting the issuance of an authorization to mark prior to February 29, 2012.

7. Intertek's Motion in Limine Regarding Product Compliance (doc. no. 113) is GRANTED. If Intertek "opens the door" with Mr. David O. Brand, Brand may move the Court for modification of this Order.

8. Brand's Motion in Limine as to Hearsay Documents (doc. no. 115) is GRANTED. Neither party may introduce any hearsay statements involving Reecon.

9. Brand's Motion in Limine to Preclude Use of Settlement Agreement (doc. no. 116) is GRANTED.

10. The parties' joint proposed verdict form and joint proposed jury instructions, which all counsel of record must "work on," pursuant to the Text Order of 07/19/13, shall fully incorporate these rulings.

11. The parties' joint exhibit list, and exhibits, which are due by August 1, 2013 (doc. no. 22), shall fully incorporate these rulings.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All ECF Counsel of Record