IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAND MARKETING GROUP, LLC *doing business as* THERMABLASTER,

    Plaintiff,

v.

INTERTEK TESTING SERVICES NA, INC. *doing business as* INTERTEK TESTING SERVICES,

    Defendant.

12cv1572

**ELECTRONICALLY FILED**

## Memorandum Opinion

**I.    Introduction**

In this protracted litigation, in which the parties have been unwilling or unable to compromise on the most basic of issues, have been less than helpful to the Court in their pretrial filings, and have continued their combative tenor up until the present day, the Court now finds itself on the day of trial, with two new Motions, filed on the literal eve of trial seeking to amend their respective pleadings in ways that are profound, and if granted, would alter the entire scope of this litigation.  Simply put, these motions are untimely, and to grant them at this stage of the trial, would be extremely prejudicial.

To recount briefly, at 12:08 p.m. on Friday, August 30, 2013, less than five business hours before trial was scheduled to commence in the above-captioned matter, Defendant Intertek Testing Services, N.A., Inc. ("Intertek") filed a Motion for Leave to file an Amended Answer and Counterclaim, seeking to include Interek's "setoff" which included an acquisition of the rights to a Judgment that it belatedly acquired from non-party Ace Hardware, who held a Default Judgment against Plaintiff in the amount of $611,060.45.  Doc. No. 180.  Said acquisition was

made pursuant to a Settlement Agreement which was referenced, but not included, within the Motion. Within minutes and prior to the Court seeking a response thereto, Plaintiff Brand Marketing Group, LLC ("Brand") filed a Response in opposition (doc. no. 181).

Based upon a reading and review of the Motion and Response, the Court ordered Intertek to file the entire unredacted unsealed settlement agreement that Intertek had entered into with Ace Hardware Corp. ("the Agreement") that was the subject of the underlying Motion by 5:00 p.m. on August 30, 2013. Text Order of 8/30/13. Intertek instead filed a motion to file said document under seal, which the Court denied by Text Order at 4:10 p.m. on August 30, 2013. At 4:57 p.m., Intertek filed the Agreement along with a Reply (without seeking leave of Court to file a Reply as is required by the Practices and Procedures of this Court). Doc. Nos. 183 & 183-1.[1]

Then, on September 2, 2013, Labor Day at 11:07 am, Brand filed a Motion for Leave to file a Third Amended Complaint, seeking now (or perhaps alternatively) to include allegations related to this August 29, 2013 assignment of Judgment. Doc. No. 184. At 1:10 p.m. on Labor Day, the Court entered a text order requiring Intertek filed a Response thereto by 9:00 p.m. on Labor Day. At 8:07 p.m., Defendant filed its Response thereto. Doc. No. 186.

---

[1] At the Final Pretrial Conference on August 27, 2013, in order to ensure an orderly and efficient process in light of the holiday weekend, the Court instructed counsel that if they filed any more papers prior to trial, they were to contact the Court's law clerk via her home e-mail and/or cellphone. Despite this instruction, neither counsel contacted the law clerk assigned to this case, either prior to or after the filing of the four motions that this Court was required to adjudicate over the Labor Day weekend, evidencing a lack of respect for the Court and its staff that unfortunately has continued throughout the pretrial filings in this litigation. In addition to the two Motions addressed in this Memorandum Opinion, Intertek filed a Motion to Seal the Agreement one hour prior to the deadline for filing, and Brand filed a Motion to Compel at 6:55 p.m. on September 2, 2013. Doc. Nos. 182 & 185.

At this extremely late juncture, for the reasons set forth hereinbelow, this Court will DENY both Motions for Leave to File Amended Pleadings.

## II.    Standard of Review

Fed. R. Civ. Pr. 15(a)(2) provides that a party may amend its pleadings with the written consent of the opposition, or leave of Court. While motions for leave to amend are to be liberally granted, "grounds that could justify a denial of leave [include] undue delay, bad faith, dilatory motive, [and] prejudice." *General Refractories, Co. v. Firemen's Fund Insurance Co.*, 337 F.3d 297, 309 (3d Cir. 2003)(quoting *Shane v. Fauver*, 213 F.3d 113, 115-16 (3d Cir. 2000)). However, "prejudice to the nonmoving party is the touchstone for the denial of the amendment." *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013) (quoting *Dole v. Arco Chem. Co.,* 921 F.2d 484, 488 (3d Cir. 1990)).

## III.    Procedural History

At the Initial Case Management Conference on December 3, 2012, the Court issued a Case Management Order which set a deadline of January 2, 2013, for motions to amend the pleadings. Doc. No. 21, ¶ 2. The Court also set trial for September 3, 2013. Doc. No. 22. Thereafter, on February 1, 2013, Brand sought leave to file a Second Amended Complaint, which this Court granted. See doc. nos. 40, 41. On February 5, 2013, Brand filed its Second Amended Complaint (doc. no. 42) and on February 19, 2013, Intertek filed its Amended Answer and Counterclaim (doc. no. 44).

Also, at the Initial Case Management Conference, the Court appointed the Hon. Eugene Scanlon to serve as mediator in this case. Doc. No. 24. After the first mediation, the Court ordered a second mediation before Judge Scanlon because Intertek had failed to meaningfully

participate in the mediation as required by the Local Rules.  Text Order of 1/29/13.  The Second Mediation before Judge Scanlon, however, was again unsuccessful.  Doc. No. 95.

Following denial of summary judgment, after the parties had filed wholly inadequate pretrial documents, which the Court was required to strike, resulting in approximately four (4) versions of the Final Jury Instructions, and three (3) versions of the Verdict Slip, the Court scheduled a two-day conference to discuss preparations for trial.  Text Order of 7/19/13.  In addition to working on their pretrial filings in the jury room of the Court, the parties engaged in informal settlement discussions with the Court's law clerk serving as a facilitator.

At the conclusion of the conference, on July 31, 2013, after attempting to work through numerous issues surrounding the pretrial filings, the Court appointed Michael Betts, Esq. to serve as mediator for a third mediation.  Doc. No. 157.  The Court further compelled the attendance of Ace at the third mediation, since the Court was aware from pretrial filings that the default judgment secured by Ace against Plaintiff was a substantial issue in resolving this case.  Doc. No. 154.  Unfortunately, the parties did not reach a resolution at the final mediation, before Mr. Betts, however, Mr. Betts had advised that he would continue to informally "caucus" with the parties after said mediation.  As a result of this informal caucus, on August 28, 2013, two days before the filing of the instant motion by Defendant, Ace and Defendant negotiated a settlement agreement, and Judgment set-off, upon which Defendant bases its Motion to Amend.

Incidentally, on August 23, 2013 and August 27, 2013, the Court conducted Preliminary and Final Pretrial Conferences, in which the Court expressed its grave concerns about the inadequacy and confusing nature of numerous of the Pretrial Filings.  On August 26, 2013, almost a month after the parties were ordered to Court to resolve these pretrial issues, the parties

4

then decided to drop numerous claims and counterclaims only days before trial, requiring this Court to do the jobs of the parties and tailor the instructions and verdict slip further. These tactics have made the job of this Court a cumbersome and disorderly one. Without further input however, because the Court surmised it would no longer be helpful, the Court drafted and tailored the verdict slip and final jury instructions, after discussing numerous errors and omissions with the parties at the Pretrial Conferences. The instant motions are therefore the latest in the tactical games of the parties. The Court will analyze the motions under Rule 15(a).

## IV. Discussion

### A. Undue Delay/Bad Faith

As the United States Court of Appeals for the Third Circuit has noted, "a significant, unjustified, or 'undue' delay in seeking the amendment may itself constitute prejudice sufficient to justify denial of a motion for leave to amend." *CMR D.N. Corp.*, 703 F.3d at 629 (citation omitted). The time necessary for a delay to be 'undue' depends upon the stage in the litigation when leave to amend is sought. For example, early in the litigation, when trial is months in the future, it is of little consequence whether leave to amend is sought (for example) on February 1 or February 3. However, at such a late stage in the litigation, mere calendar days or hours, prior to trial commencing, whether leave to amend is sought on August 28 or August 30 is of more significant consequence. In addition to the discovery prejudice, discussed *infra*, there is also extreme prejudice related to preparation for trial.

In *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329 (2d Cir. 2004), the United States Court of Appeals for the Second Circuit noted that among the potential prejudice that could beset a plaintiff if a defendant were belatedly allowed to amend its answer to assert a claim for setoff

was the "opprotunit[y] to develop a responsive trial strategy." *Id*. at 345. In *SCS*, the Court of Appeals for the Second Circuit found that delaying filing a motion to include a setoff defense from during the defendants' case-in-chief, when the settlement was reached, until after the jury returned a verdict, was prejudice sufficient to warrant a new trial. *Id*. at 334, 345.

Other courts have found that a request to amend pleadings close to trial created such prejudice to warrant denial of the motion for undue delay. In *Valentin v. Phila. Gas Works*, 128 F. App'x 284, 287 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit found that a District Court's denial of leave to amend the pleadings 11 days prior to trial was proper. *Id*. In *Doltz v. Harris & Assocs.*, 280 F. Supp. 2d 377, 392 (E.D. Pa. 2003), the United States District Court for the Eastern District of Pennsylvania denied a motion for leave to amend the pleadings because it was made four days after the case was scheduled for the trial pool. *Id.*

Likewise, allowing any amendment at this stage of the litigation, significantly changing the theories of damages presented to the jury or the defenses thereto would severely prejudice both parties. The exhibits to be presented at trial have already been ruled upon by the Court, motions *in limine* have already been ruled upon by the Court, and final jury instructions and the verdict slip, have already been issued by the Court, after numerous drafts by the parties. Counsel had prepared their trial strategies based upon the current pleadings.

The 48 hour delay by Intertek, from August 28 (when the agreement between Ace and Defendant was entered into) until the filing of the Intertek's Motion to Amend on August 30, and the 72 hour delay by Brand, from August 30 until September 2, until the filing of Brand's Motion to Amend, was thus very significant at this stage in the litigation, and in the view of this Court, evidences lack of good faith on the part of either party. Instead, the parties appear to be

continuing to thwart the orderly process of the trial in an effort to gain some type of tactical advantage over the other.

Simply put, to allow these amendments would severely limit the "opprotunit[y] to develop a responsive trial strategy" by either side. *SCS*, 360 F.3d at 345. Thus, denial is appropriate as there was undue delay in the filing of both Motions.

**B. Prejudice**

**(1) Discovery Related Prejudice**

Discovery-related prejudice is a second, and independent, reason that can warrant denial of a Rule 15 motion. *CMR D.N. Corp.*, 703 F.3d at 629. In *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196 (3d Cir. 1989), the United States Court of Appeals for the Third Circuit affirmed the denial of a motion to amend the pleadings. *Id*. at 1203. The Court of Appeals for the Third Circuit recognized that discovery had closed, and changing the scope of a trial would require discovery to be re-opened. *Id*. The Court of Appeals for the Third Circuit held that in such circumstances denial was within the discretion of the District Court. *Id*.

Other United States Courts of Appeals have unanimously recognized that a motion to amend the pleadings after the close of discovery in many instances leads to discovery-related prejudice that warrants denial of the motion. *See Watson v. Deaconess Waltham Hosp.*, 298 F.3d 102, 117 (1st Cir. 2002); *Friedl v. City of N.Y.*, 210 F.3d 79, 87 (2d Cir. 2000); *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603-04 (4th Cir. 2010); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531 (8th Cir. 2010); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295

7

(9th Cir. 2000); *Zokari v. Gates*, 561 F.3d 1076, 1087 (10th Cir. 2009); *Campbell v. Emory Clinic*, 166 F.3d 1157 (11th Cir. 1999); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir. 1987); *United States v. Ford Motor Co.*, 463 F.3d 1286, 1296 (Fed. Cir. 2006).

District Courts in the Third Judicial Circuit have also recognized the prejudice of requiring new expert discovery. In *Conseco Life Ins. Co. v. Smith*, 2013 WL 3285065 (D.N.J. June 26, 2013), the United States District Court for the District of New Jersey held that allowing a plaintiff to amend her pleadings at a late stage in the litigation, requiring additional expert discovery, would unduly prejudice the defendant. *Id*. at *5. The United States District Court for the District of New Jersey also denied leave to amend the pleadings in *Reckitt Benckiser Inc. v. Tris Pharma, Inc.*, 2011 WL 4915853 (D.N.J. Oct. 17, 2011). The Court found that allowing amendment of the pleadings after fact and expert discovery had closed would unduly prejudice the other parties. *Id*. at *3. In *Watts v. Hollock*, 2011 WL 6003922 (M.D. Pa. Nov. 30, 2011), the United States District Court for the Middle District of Pennsylvania permitted amendment, in part, because supplemental expert reports would not be necessary. *Id* .at *3 & n.5. In *Magsil Corp. v. Seagate Tech.,* 2010 WL 2710472, (D. Del. July 7, 2010), the Court denied a motion to amend an answer because "plaintiffs would likely be required to conduct additional discovery, . . . obtain an additional expert, and develop new legal strategies". *Id*. at *2. The United States District Court for the District of Delaware likewise denied a motion to amend an answer when "Plaintiff would likely have to obtain additional expert analysis and develop new legal strategies." *Red Clay Consol. Sch. Dist. v. T.S.*, 2011 WL 4498964, *4 (D. Del. Sept. 27, 2011).

### (2) Overall Prejudice

In this case, significant prejudice would occur if either party were permitted to amend their pleadings to include this Setoff/Settlement Agreement. While the parties seem to agree that these amendments to their pleadings would mainly influence the damages portion of trial, the Court is not at all convinced that it is matter for jury consideration, rather it appears to be an equitable matter to be considered by the Court *after* a verdict. ("The authorities are split on the question of whether a set-off is an issue for the jury or for the court." *Dixson v. Newsweek, Inc.*, 562 F.2d 626, 633 (10th Cir. 1977)).

Nonetheless, the Court notes that both parties have hired expert witnesses with respect to damages. Allowing amendment would require re-opening of discovery, supplemental expert reports, and supplemental expert depositions, in addition to any additional documentary discovery. If the Court were to permit these amendments now, the expert testimony would likely be inadmissible under the Federal Rules of Evidence as the experts assumed facts based upon the pleadings and damage theories as they were at the close of fact and expert discovery, which would no longer be applicable.

Furthermore, the Court finds that allowing the parties to amend their pleadings to include the set-off and the Settlement Agreement and the effect thereof, would create an entire sideshow of issues that are not properly for consideration before a jury at this time. Pursuant to the Settlement Agreement, the Court is aware that Intertek paid $250,000 for the rights to an approximate $611,000 judgment. In other words, Intertek only paid 41 cents on the dollar for the judgment. Brand would have the right to argue that Intertek's acquisition of the rights to this judgment was a sham or negotiated in bad faith, entered into solely for the purposes of this trial.

This issue would require substantial additional discovery on the validity of the Settlement Agreement entered into by Intertek and Ace, with numerous issues surrounding whether the negotiations occurred in good faith, and the amount of the allocation. There are also issues surrounding how best to execute on any judgment, which may also require a wholly different lawsuit either in this Court, or elsewhere. Plaintiff would then be entitled to discovery which would not only include documentary evidence, but would likely include depositions of both party and non-party witnesses.

At this juncture, it would be impossible to complete this required discovery prior to the beginning of trial, and Plaintiff would be prejudiced if the Court were to grant the Motions to Amend for these issues.

### C. Lack of Prejudice in Denial of Motions

Finally, the Court finds that denying both the Motions for leave to amend the pleadings does not prejudice either Brand or Intertek. The denial of the Motions left the parties in the same position they were on the morning of August 30, 2013. No theories of liability were prevented from being presented to the jury and no defenses against liability were prevented from being presented to the jury. Instead, the only result of the denial of the Motions is that if Brand is successful at trial, Intertek may be required to seek execution on its judgment in the normal means permitted by law, albeit potentially in a different jurisdiction.

Thus, when considering the extreme prejudice that would be caused by the amendment of the pleadings against the minor inconvenience to Intertek of requiring it to execute on its judgment rights in the normal manner, it weighs heavily against granting the Motions. *See Averbach*, 879 F.2d at 1203 (District Court properly weighed the prejudice that would result

from granting a motion to amend against the prejudice that would result from denying the motion to amend).

**V.     Conclusion**

In sum, it appears to this Court, that counsel delayed thorough preparation for trial, (incorrectly) assuming that this case would settle prior to trial. Counsel has frankly continually overlooked this Court's Orders, Practices and Procedures, and directives. This case, which is relatively straightforward, has caused an enormous expenditure of judicial resources in an attempt to properly prepare the case for trial. Mere hours prior to the beginning of trial, and over Labor Day weekend, the parties filed Motions to Amend their pleadings, thus necessitating extensive pleadings cycles thereon. Doc. Nos. 180, 181, 182, 183, 184, and 186. Permitting such amendment would greatly prejudice both parties, and would result in a total upheaval of the trial. Therefore, this Court will DENY Intertek's Motion for Leave to file an Amended Answer and Counterclaim (doc. no. 180) and Brand's Motion for Leave to file a Third Amended Complaint (doc. no. 184). An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record