IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAND MARKETING GROUP, LLC *doing business as* THERMABLASTER,

    Plaintiff,

v.

INTERTEK TESTING SERVICES NA, INC. *doing business as* INTERTEK TESTING SERVICES, and CONTINENTAL APPLIANCES, INC., d/b/a/ PROCOM

    Defendants.

12cv1572

**ELECTRONICALLY FILED**

## Memorandum Order re: Motions in Limine

Currently pending before the Court are two (2) Motions in Limine, both filed by Defendants (without seeking the necessary leave to file said documents out of time - - Motions in Limine were due on 7/15/2013)[1]. The first motion in limine by Defendant (doc. no. 222) (that the settlement agreement between Intertek NA and Ace Hardware evidencing the set-off) has been the subject of much discussion and prior rulings by this Court. The Court hereby incorporates and reiterates the 9/6/2013 Text Order thereon:

> TEXT ORDER on Motion to Reconsider 191 . Both parties have asserted that the Settlement Agreement between Ace Hardware (Ace Hardware) and Defendant Intertek Testing Services, NA (Intertek) and the assignment of the Ace Hardware judgment to Defendant Intertek should be made an integral part of the case (doc. nos. 180 , 181 , 183 , 184 , 186 , 193 , and 194 ) in one way or another. Upon further reflection; after consideration of Plaintiff's Motion (doc. no. 191 ), Defendant's Response in Opposition (doc. no. 193 ), and Plaintiff's Reply thereto (doc. no. 194 ); and with the postponement of the trial (doc. no. 195 ); this Court agrees, and therefore GRANTS Plaintiff's Motion for Reconsideration. Hereinafter, all issues relating to the Settlement Agreement, the assignment of the judgment, and the judgment itself (and any issues relating to the enforceability thereof) are made part of this action, including permitting the parties to refer to the fact that Defendant Intertek has obtained

---

[1] The Court will not continue to consider future motions filed out of time.

an assignment of the Ace Hardware Judgment. The parties may conduct
discovery on the Settlement Agreement, the assignment of the judgment, and
the judgment itself, which shall be completed on or before November 30, 2013.
The parties shall file a status report thereon on or before December 7, 2013.

Despite the Court's prior above-quoted ruling, Defendant now seeks this Court to essentially reconsider said rulings. The Court hereby DENIES Defendant's Motion in Limine/Motion to Reconsider to exclude terms of settlement agreement by and between Intertek Testing Services, N.A., Inc. and Ace Hardware.

With respect to Defendant's (second) Motion in Limine to Preclude the Testimony of Ahmed Usmani (doc. no. 224), the Court will DENY said Motion. The Court will permit said testimony only in Plaintiff's rebuttal case if made relevant in the case-in-chief of Plaintiff and/or Defendant. Should the Court permit the video testimony to be introduced, the Court will grant the parties one (1) additional hour each in total trial time.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record