IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAND MARKETING GROUP, LLC *doing business as* THERMABLASTER,

12cv1572
**ELECTRONICALLY FILED**

Plaintiff,

v.

INTERTEK TESTING SERVICES NA, INC. *doing business as* INTERTEK TESTING SERVICES

Defendant.

# FINAL JURY INSTRUCTIONS

## I. General Instructions

Now that you have heard the evidence and the argument, it is my duty to instruct you on the law.

We have given you copies of the special Verdict Form on which you will answer specific questions. Please take a few minutes to read the Verdict Form, because the instructions I am about to give you will help you answer those questions.

When you retire to the jury room to deliberate, you may take these instructions with you, along with your notes, the exhibits that the Court has admitted into evidence, and the Verdict Form. You should select

one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. In other words, it is your duty to determine from the evidence what actually happened in this case, applying the law as I now explain it.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole; do not disregard or give special attention to

any one instruction; and do not question the wisdom of any rule of law or rule of evidence I state. In other words, do not substitute your own notion or opinion as to what the law is or ought to be.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the bailiff, to me, or to anyone but each other about the case. During your deliberations, you

must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, a smart phone like Blackberries, Droids, or iPhones, or a computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, Twitter, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the bailiff. The bailiff will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages: Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A Verdict Form has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, date the form, and each of you will sign it. You will then return to the courtroom and your foreperson will deliver your verdict to the bailiff. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

## II. Evidence

### What is Evidence

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other physical items, if any, received as exhibits, and any facts stipulated by the parties.

### Exhibits

Counsel for Brand and Intertek have agreed to the legal admissibility of various exhibits. This means that these exhibits meet the requirements of the rules of evidence and therefore have been admitted for your consideration. This does not mean that the parties agree as to the inferences or conclusions that you should or may draw from any exhibit.

### Stipulations of Fact

The parties have agreed, or stipulated, to certain facts as being true and those stipulations have been placed on the record in this trial. You must treat any stipulations of fact as having been proved for the purposes of this case.

**What is Not Evidence**

The following things are not evidence:

1.  Statements, arguments, questions and comments by the lawyers are not evidence.

2.  Likewise, objections are not evidence.  Lawyers have every right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.  Any testimony that I ordered stricken from the record, or told you to disregard, is not evidence and you must not consider any such matter.

4.  Anything you saw or heard about this case outside the courtroom is not evidence.  You must decide the case only on the evidence presented here in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

### Evidence, Inferences, and Common Sense

While you may consider only the evidence in the case in arriving at your verdict, you are permitted to draw such reasonable inferences from the testimony and exhibits you feel are justified in the light of your common experience, reason and common sense.

### Direct and Circumstantial Evidence

In this regard, you may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of someone who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances from which you may infer that something either did or did not happen. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced that the party has met the burden of proof before you return a verdict for that party.

### Bias, Sympathy And Prejudice

You may not allow sympathy or personal feelings to influence your determination. Your duty is to decide the case solely on the basis

of the evidence or lack of evidence and the law as I have instructed you, without bias, prejudice, or sympathy for or against the parties or their counsel. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

### Evidence Admitted for a Limited Purpose

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes. Whenever evidence was admitted for a limited purpose, consider it only for that purpose, and no other purpose.

In this regard, Plaintiff's exhibit number 20 is not to be considered for the truth of the matters asserted therein, such as whether a sales restriction on the Thermablaster heaters was indeed lifted. The information set forth in the e-mail is only considered to be true to the extent that Mr. Campo testified to his first-hand knowledge of the matters contained therein.

Plaintiff's exhibit number 21 is not to be considered for the truth of the matters asserted therein, such as what the ANSI standard states or means. The information set forth in the e-mail is only considered to be true to the extent that Mr. Campo testified to his first-hand knowledge of the matters contained therein.

**Jurors' Notes**

Your notes are not evidence in the case and must not take precedence over your independent recollection of the evidence. Notes are only an aid to your recollection and are not entitled to greater weight than your recollection of what the evidence actually is. You should not disclose any notes taken to anyone other than a fellow juror.

You were not obligated to take notes. If you did not take notes you should not be influenced by the notes of another juror, but instead should rely upon your own recollection of the evidence.

**III. Credibility of Witnesses / Weight of Testimony in General**

**In General**

You must consider all of the evidence, but this does not mean you must accept all of the evidence as true or accurate. You are the sole

judges of the credibility of the witnesses and the weight their testimony deserves.

You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given and by evidence or testimony to the contrary.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness' ability to have observed the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider any business, personal or other relationship a witness might have with either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

**Inconsistencies or Discrepancies**

Consider inconsistencies or discrepancies in the testimony of a witness or between different witnesses, which may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, give the testimony of each witness the weight you think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

**False In One, False In All**

If you find that a witness has lied to you in any material portion of his or her testimony, you may disregard that witness' testimony in its entirety. I say that you may disregard such testimony, not that you must. However, you should consider whether the untrue part of the testimony

was the result of a mistake or inadvertence, or was, rather, willful and stated with a design or intent to deceive.

### Not Required to Accept Uncontradicted Testimony

You are not required to accept any testimony, even though the testimony is not contradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, because of the inherent improbability of his or her testimony, or because of other reasons sufficient to you, that such testimony is not worthy of belief.

### Number of Witnesses Not Important

The weight of the evidence is not determined by the number of witnesses testifying for either side. You may find that the testimony of a small number of witnesses as to any fact is more credible than that of a larger number of witnesses to the contrary. In short, what is most important is how believable the witnesses were, and how much weight you think their testimony deserves.

### Depositions - Use as Evidence

Certain out-of-Court testimony of witnesses has been presented to you. Such testimony was given under oath prior to this trial, during

depositions of the witnesses. This method is permitted in order to simplify the presentation of the evidence, and you should not regard evidence presented in this way as any different from any other oral testimony. You may assess the credibility of witnesses who have testified by deposition in the same manner as you do witnesses who testify directly in open Court.

**Expert Testimony**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons

given in support of the opinion are not sound, or if you feel that it is

outweighed by other evidence, you may disregard the opinion entirely.

All that I have explained to you about impeachment of witnesses also

applies to expert witnesses.  If you find the expert's testimony is less

than credible, you may disregard all or part of that testimony according

to your assessment of its truth.

In general, the opinion of an expert has value only when you

accept the facts upon which it is based.  This is true whether the facts are

assumed hypothetically by the expert, or they come from the expert's

personal knowledge, from some other proper source, or from some

combination of these.

Questions have been asked in which an expert witness was invited

to assume that certain facts were true and give an opinion based upon

that assumption.  These are called hypothetical questions.   If you find

that any material fact assumed in a particular hypothetical question has

not been established by the evidence, you should disregard the opinion

of the expert given in response to that question. By material fact, we

mean one that was important to the expert in forming his or her opinion

Similarly, if the expert has made it clear that his/her opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion so expressed.

**Burdens of Proof**

The burden of proof is on Brand to establish each element of its claim and the burden of proof is on Intertek to establish each element of its counterclaims. The burden of proof varies from claim to claim. Some claims require proof by clear and convincing evidence while other claims require proof by a preponderance of the evidence. I will now explain those two burdens of proof.

**(1) Preponderance of the Evidence**

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true. This rule does not require proof to an absolute certainty, because absolute certainty is seldom if ever possible.

When you go into the jury room imagine that you have on the table the scales of justice on which two trays are hanging evenly in balance. Now label the right-hand tray "Brand's tray" and put on to that tray all the evidence on a particular claim which you feel favors Brand, giving to that evidence the weight that you believe it is fairly entitled to receive. Next, place on the left-hand tray, "Intertek's tray," all of the evidence in the case that favors Intertek's side of that claim; again, giving to that evidence the weight that you believe Intertek is fairly entitled to receive.

Remember, the weight of the evidence is <u>not</u> the number of persons testifying against either party; rather, it is the quality of the testimony given. For example, one person who saw an event and testified accurately as to what was seen may have the same weight as ten persons testifying to the same event on the other side.

After considering the weight of the evidence, if you think that the scales tip, ever so slightly or to the slightest degree, in favor of Brand, then Brand has sustained its burden of proof by a preponderance of the evidence and your verdict should be for the Brand and against Intertek on that claim. For Intertek's Counterclaims, the scales would have to

tip, ever so slightly, in favor of Intertek for Intertek to sustain its burden of proof.

### (2)    Clear and Convincing Evidence

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard. But it does not require proof beyond a reasonable doubt, the standard applied in criminal cases.

### Intertek's Status Does Not Infer Liability

Simply because a defendant is sued does not mean that the defendant is liable.  Anyone can file a lawsuit.  The fact that Brand filed this lawsuit does not, in itself, mean that Intertek has done anything that the law prohibits.  That is for you to decide on the basis of the evidence.

### Equality of Parties

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same

fair trial as a private individual. All persons, including corporations stand equal before the law, and are to be treated as equals.

## IV.  Applicable Law

In this case, Brand has made one (1) claim, or cause of action, against Intertek: that Intertek negligently misrepresented itself to Brand. Intertek denies those allegations.  Intertek, on the other hand, has made the following three (3) counterclaims, or causes of action, against Brand: (1) Brand infringed the trademark rights of Intertek; (2) Brand made fraudulent misrepresentations; and (3) Brand fraudulently concealed its use of Intertek's ETL mark.  Brand denies these allegations.  I will now go through the necessary elements to prove the claim of Brand, and second, the counterclaims of Intertek in the order you will see them on the verdict form.

## I. Brand's Claim Against Intertek

**1.**  **Negligent Misrepresentation**

A.    Elements of claim -

One who, in the course of its business, profession or employment, or in any other transaction in which it has a pecuniary interest, supplies

false information for the guidance of others in its business transactions, is subject to liability for pecuniary loss caused to others by their justifiable reliance upon the information, if it fails to exercise reasonable care or competence in obtaining or communicating the information.

Brand must prove the following four elements by a preponderance of the evidence, in order to succeed on its negligent misrepresentation claim: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known of its falsity; (3) with an intent to induce another, here being Brand, to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation.

Intertek is only liable to Brand for negligent misrepresentation if Intertek provided the information for the benefit and guidance of Brand, or knew that Brand would reasonably rely upon the information. In order to succeed on it claim for negligent misrepresentation, Brand must establish that it justifiably relied on Intertek.

"Misrepresentation" defined –

A misrepresentation is any assertion by words or conduct that is not in accordance with the facts.

"Material" defined –

A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action. A material fact, however, need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision. A fact is also material if the person who fails to disclose it knows that the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important.

"Reliance" defined –

Reliance means a person would not have acted as he did unless he considered the misrepresentation to be true.

B.    Factual Cause

In order for Brand to recover in this case, Intertek's negligent conduct must have been a factual cause in bringing about harm.  In order for Brand to recover in this case, Intertek's negligent conduct must have

been a factual cause in bringing about harm.  Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

To be a factual cause, Intertek's conduct need not be the only factual cause. The fact that some other causes concur with Intertek's negligence in producing an injury does not relieve Intertek from liability as long as its own negligence is a factual cause of the injury.

C.    Defense - Puffery

Advertising puffery alone on a company website cannot support a claim for misrepresentation.   Representations regarding the quality of the program amount to mere 'puffing,' rather than negligent misrepresentation.

Puffery is defined as vague and general statements of optimism understood by reasonable persons as such.  In general, the more precise and concrete the statement, the less likely the statement is to be puffery.

**2.** **Damages**

    A.    <u>Compensatory Damages</u>

If you find that Brand has prevailed in its negligent misrepresentation action, Brand is entitled to recovery for the loss caused by the misrepresentation.

Brand is entitled to be fairly and adequately compensated for the actual monetary loss it has suffered. Actual monetary loss includes:

1. the difference between the value it gave or amount it paid and the actual, real, or intrinsic value of what it received at the time of the transaction; and

2. all other monetary loss suffered as a consequence of the misrepresentation or nondisclosure, including the additional expenses and losses incurred as a result of the misrepresentation or nondisclosure, including, the profit Brand has shown to a reasonable certainty that it would have made.

In an action such as this, the measure of damages is "actual loss", and not the benefit, or value, of that bargain. The victim is entitled to all

pecuniary losses which result as a consequence of its reliance on the truth of the representations.

The standard for determining future damages is that Brand bears the burden of proof by a preponderance of the evidence. Under this criterion, Brand is required to furnish only a reasonable quantity of information from which you may fairly estimate the amount of damages.

Justice and public policy require that the wrongdoer bear the risk of uncertainty which his own wrong has created and which prevents the precise computation of damages. You, the fact-finder, however, still may not render a verdict based on speculation or guesswork.

You may make a just and reasonable estimate of the damage based on relevant data, and in such circumstances may act on probable and inferential, as well as upon direct and positive proof. While you may not use sheer conjecture as a basis for arriving at a verdict, you may use a measure of speculation in aiming at a verdict or an award of damages, and an even greater degree of flexibility is granted in regard to testimony concerning prospective or future damages, which are at best, not always easy or certain of ascertainment and are to a large extent based on

probabilities and uncertainties.  Generally, damages need not be proved

with mathematical certainty, but only with reasonable certainty, and

evidence of damages may consist of probabilities and inferences.

It is only required that the proof afford a reasonable basis from

which you can calculate Brand loss.

B.    Punitive Damages

If you find that the conduct of Intertek was outrageous, you may

award punitive damages, as well as any compensatory damages, in order

to punish Intertek for its conduct and to deter Intertek and others from

committing similar acts.

A company's conduct is "outrageous" when it is malicious,

wanton, willful, or oppressive, or shows reckless indifference to the

interests of others.

If you decide that Brand is entitled to an award of punitive

damages, it is your job to fix the amount of such damages. In doing so,

you may consider any or all of the following factors:

1.    The character of Intertek's act;

2.      The nature and extent of the harm to Brand that Intertek caused or intended to cause; and

3.      The wealth of Intertek insofar as it is relevant in fixing an amount that will punish it, and deter it and others from like conduct in the future.

It is not necessary that you award compensatory damages to Brand in order to assess punitive damages against Intertek, as long as you find in favor of Brand and against Intertek on the question of liability.

The amount of punitive damages awarded must not be the result of passion or prejudice against Intertek on the part of the jury. The sole purpose of punitive damages is to punish Intertek's outrageous conduct and to deter Intertek and others from similar acts.

## II. Intertek's Three Counterclaims Against Brand

## 3.      Trademark Infringement/Lanham Act

### A.      Elements of claim

Intertek claims that Brand has infringed Intertek's trademark. A trademark is a word, symbol, or combination of words or symbols used by a company to identify its product, to distinguish its product from

those manufactured or sold by others, and to indicate the source of its product.

Intertek claims that Brand infringed Intertek's ETA trademark by using the ETA mark on Thermablasters. Brand denies that it is liable for trademark infringement because it argues that Intertek did not suffer any harm as a result of the alleged infringement.

Intertek must prove the following four elements by a preponderance of the evidence, which I have previously explained to you, in order to succeed on its Lantham Act claim: (1) that Intertek owns the ETA trademark; (2) that Intertek's trademark is a valid trademark; (3) that Brand used the ETA trademark in interstate commerce; and (4) that Brand used the ETA trademark in a manner that is likely to cause confusion or mistake as to the approval of Brand's product.

The parties have stipulated or agreed that Intertek owns the ETA trademark and that it is a valid trademark.

"Use" Defined

As to the requirement that Brand used the ETA trademark in interstate commerce, it is sufficient for Intertek to prove that a third-

27

party used the ETA trademark in interstate commerce if Brand continued to supply infringing Thermablasters when Brand knew or had reason to know that doing so would cause the third party to sell infringing Thermablasters.

"Confusion or Mistake" Defined

As to the requirement that that Brand used the trademark in a manner that is likely to cause confusion or mistake as to the approval of Brand's product, if you find that Brand used the ETA trademark on its Thermablasters, the law presumes that such use is likely to cause confusion or mistake as to the approval of Brand's products. Brand can rebut this presumption with evidence that the use of the ETA mark was not likely to cause confusion or mistake as to the approval of Brand's product.

B.    Willfulness

If you find that Brand infringed Intertek's trademark, you must also determine whether Intertek has proven that, at the time Brand infringed the trademark, Brand acted willfully. Brand acted willfully if it

knew that it was infringing Intertek's trademark or if it acted with indifference to Intertek NA's trademark rights.

C.    <u>Damages under Lanham Act</u>

To recover damages on its trademark infringement counterclaim under the Lanham Act, Intertek must prove two things by a preponderance of the evidence: (1) Brand's infringement caused actual confusion among consumers; and (2) as a result, Intertek sustained injury.

If you find that Intertek has proven these things, then you must consider what amount of money to award to Intertek as damages, if any.

Damages consist of the amount of money required to compensate Intertek for the injury caused by Brand's infringement. Intertek must prove its damages by a preponderance of the evidence.

You may consider the following types of damages: (1) Intertek's lost profits on lost sales, which consists of the revenue Intertek would have earned but for Brand's infringement, less the expenses Intertek would have sustained in earning those revenues ; (2) Loss of goodwill. Goodwill is consumer recognition or drawing power of a trademark.  In

determining loss of goodwill, you should compare the value of Intertek's goodwill before the infringement with the value of Intertek's goodwill after the infringement.

<u>Disgorgement of Profits</u>

In addition to Intertek's damages, Intertek may recover the profits Brand gained from the trademark infringement. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

<u>"Profit" Defined</u>

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money Brand received due to its use of the trademark. Intertek is required only to prove Brand's gross revenue. Brand is required to prove any expenses that it argues should be deducted in determining its profits.

Intertek is entitled to recover Brand's total profits from its use of the trademark unless Brand proves that a portion of the profit is due to factors other than use of the trademark.

**4.** **Fraudulent Misrepresentation**

     A.    Elements of claim –

Intertek must prove the following six elements by clear and

convincing evidence, in order to succeed on its fraudulent

misrepresentation counterclaim: (1) a representation; (2) which is

material to the transaction; (3) made falsely, with knowledge of its

falsity or recklessness as to whether it is true or false; (4) with the intent

of misleading another; (5) justifiable reliance; and (6) resulting injury.

     "Misrepresentation" defined –

A misrepresentation is any any assertion by words or conduct that

is not in accordance with the facts.

     "Material" defined –

A fact is material if it is one that would be of importance to a

reasonable person in determining a choice of action. A material fact,

however, need not be the sole or even a substantial factor in inducing or

influencing a reasonable person's decision. A fact is also material if the

person who fails to disclose it knows that the person to whom it is made

is likely to regard it as important even though a reasonable person would not regard it as important.

"Reliance" defined –

Reliance means a person would not have acted as he did unless he considered the misrepresentation to be true.

"Fraud" defined –

Fraud consists of anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture. Fraud may occur by false or misleading allegations or by concealment of that which should have been disclosed, which deceives or is intended to deceive another to act upon it to his detriment.

B.    Factual Cause

In order for Intertek to recover in this case, Brand's fraudulent conduct must have been a factual cause, in bringing about harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must

have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

To be a factual cause, Brand's conduct need not be the only factual cause. The fact that some other causes concur with Brand's fraud in producing an injury does not relieve Brand from liability as long as its own fraud is a factual cause of the injury.

C.    Damages for Fraudulent Misrepresentation

1.    Compensatory Damages

If you find that Intertek has prevailed in its fraudulent misrepresentations action, Intertek is entitled to recovery for the loss caused by the misrepresentation.

Intertek is entitled to be fairly and adequately compensated for the actual monetary loss it has suffered.  Actual monetary loss includes:

1. the difference between the value it gave or amount it paid and the actual, real, or intrinsic value of what it received at the time of the transaction; and

2. all other monetary loss suffered as a consequence of the concealment, including the additional expenses and losses incurred as a result of the concealment.

I have previously explained to you how such determinations should be made and you should follow the same instructions with respect to Intertek's counterclaim as with Brand's claim.

2. <u>Punitive Damages</u>

If you find that the conduct of Brand was outrageous, you may award punitive damages, as well as any compensatory damages, in order to punish Brand for its conduct and to deter Brand and others from committing similar acts. I have previously explained the considerations in awarding punitive damages and you should follow the same instructions with respect to Intertek's counterclaim as with Brand's claim.

5. **<u>Fraudulent Concealment</u>**

A. <u>Elements of claim</u> –

Intertek must prove the following five elements by clear and convincing evidence, which I have previously explained to you, in order

to succeed on its fraudulent concealment claim: (1) a concealment; (2) which is material to the transaction; (3) with the intent of misleading another; (4) justifiable reliance; and (5) resulting injury.

"Concealment" Defined

Brand concealed a fact that it knew, if, by conduct, or by written or oral words, or by a combination of conduct and words, it created a false impression of the actual fact in the mind of Intertek by either (1) covering up the truth or (2) by preventing Intertek from discovering the actual fact for itself.

I have previously defined the terms material, reliance, and fraud at pages 31-32 and you should use those definitions when deciding if Intertek has met its burden of proof with respect to its fraudulent concealment claim.

B.   Factual Cause

In order for Intertek to recover in this case, Brand's fraudulent conduct must have been a factual cause, which I have previously defined at pages 32-33, in bringing about harm.

C.     Damages for Fraudulent Concealment

1.     Compensatory Damages

If you find that Intertek has prevailed in its fraudulent concealment action, Intertek is entitled to recovery for the loss caused by the concealment or misrepresentation.

Intertek is entitled to be fairly and adequately compensated for the actual monetary loss it has suffered.  Actual monetary loss includes:

1. the difference between the value it gave or amount it paid and the actual, real, or intrinsic value of what it received at the time of the transaction; and

2. all other monetary loss suffered as a consequence of the concealment, including the additional expenses and losses incurred as a result of the concealment.

I have previously explained to you how such determinations should be made and you should follow the same instructions with respect to Intertek's counterclaim as with Brand's claim.

2.    Punitive Damages

If you find that the conduct of Brand was outrageous, you may award punitive damages, as well as any compensatory damages, in order to punish Brand for its conduct and to deter Brand and others from committing similar acts.  I have previously explained the considerations in awarding punitive damages and you should follow the same instructions found at pages 25-26 with respect to Intertek's counterclaim as with Brand's claim.

**V. Process of Jury Deliberation**

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so, without violation to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine

your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. You can make this selection and conduct your deliberations in whatever manner you think best, but I offer some suggestions that other juries have found helpful to allow full participation by all jurors and to arrive at a verdict that satisfies everyone.

The foreperson should encourage open communication, cooperation and participation by all jurors, and be willing and able to facilitate discussions when disagreements and disputes arise.

The foreperson should let each of you speak and be heard before

expressing her or his views.

The foreperson should never attempt to promote or permit anyone else to promote his or her personal opinions by coercion or bullying.

The foreperson should make sure that deliberations are not rushed. Some people are better at facilitating than others, and if it becomes clear that someone else would be a more effective foreperson, you might want to consider selecting a different person, with no hard feelings.

You also may think it wise to select a secretary to record votes, which should probably be cast by secret ballot, and to keep track of whether everyone has spoken.

Some juries think it will be useful to take a preliminary vote before discussions are started, however, such an early vote often proves counter-productive for several reasons, including that it tends to "lock-in" a particular point of view before alternative points of view are covered.

You should listen carefully and attentively to each other, and hear what each other person is saying before responding.  Don't interrupt and don't monopolize the discussion.  Speak one at a time.  Be patient and

respectful of other opinions, and don't take it personally if someone disagrees with you.

A verdict form has been prepared for you, and you have reviewed a copy. You will take the original verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will each sign it, have your foreperson date it, and then signal the bailiff that you are prepared to return to the courtroom.

You will also be provided with copies of these instructions for your use during deliberations. If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson, and pass the note to the bailiff who will bring it to my attention. After consulting with the lawyers, I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

It is proper to add the caution that nothing said in these instructions

and nothing in the Verdict Form prepared for your convenience is meant to suggest or hint in any way what verdict I think you should find.

What the verdict shall be is your sole and exclusive duty and responsibility. You will note from the oath about to be taken by the bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

[swear ==Bailiff(s)== and send jury out]